IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| **Commodity Futures Trading Commission,**<br><br>**Plaintiff,**<br><br>v.<br><br>**Blake Harrison Kantor aka Bill Gordon,**<br>**Nathan Mullins,**<br>**Blue Bit Banc,**<br>**Blue Bit Analytics, Ltd.,**<br>**G. Thomas Client Services, and**<br>**Mercury Cove, Inc.,**<br><br>**Defendants,**<br><br>**and**<br><br>**Blue Wolf Sales Consultants,**<br><br>**Relief Defendant.** | **Civil Action No. CV 18 2247 SJF ARL** |

**ORDER FOR PRELIMINARY INJUNCTION AND OTHER ANCILLARY RELIEF
AGAINST ALL DEFENDANTS**

On April 16, 2018 Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission") filed a Complaint against the Defendants: Blake Harrison Kantor aka Bill Gordon ("Kantor"), Nathan Mullins ("Mullins"), Blue Bit Banc ("Blue Bit Banc"), Blue Bit Analytics, Ltd. ("Analytics"), and G. Thomas Client Services ("G. Thomas") (collectively, "Defendants"), and Blue Wolf Sales Consultants ("Blue Wolf") ("Relief Defendant"), seeking injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1-26 (2012). On April 17, 2018, the Court entered a Statutory Restraining Order against the Defendants and scheduled a hearing on the CFTC's motion for Preliminary

Injunction.  Service of the Statutory Restraining Order was properly made on Defendants Kantor, Blue Bit Banc, Analytics, and Relief Defendant Blue Wolf on April 19, 2018, and on Defendants Mullins, G. Thomas and Mercury Cove on April 20, 2018.

## FINDINGS BY THE COURT

This matter comes before this Court on the Motion for Preliminary Injunction filed by the CFTC.  The Court having considered the pleadings, declarations, exhibits, and the incorporated memorandum of law filed in support of the CFTC's Motion, none of the Defendants having appeared, and the Court being fully advised in the premises,

**THE COURT FINDS:**

1. This Court has jurisdiction over this action under 28 U.S.C. § 1331 (2012) (federal question jurisdiction) and 28 U.S.C. § 1345 (2012) (district courts have original jurisdiction over civil actions commenced by the United States or by any agency expressly authorized to sue by Act of Congress).  This Court has jurisdiction over the subject matter of this action and the Defendants herein pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1(a) (2012), which authorizes the CFTC to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2. Venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, in that Defendants are found in, inhabit, or transact business in this district, and the actions and practices in violation of the Act have occurred, are occurring, or are about to occur within this district, among other places.

## VIOLATIONS OF THE COMMODITY EXCHANGE ACT AND REGULATIONS

3. As alleged in Count One of the Complaint, the Court finds that the Plaintiff has made a showing of a reasonable likelihood of success on the merits that Defendants who were not ECPs, by offering binary options to customers who were not ECPs, have entered into swaps transactions with customers using the instrumentalities of interstate commerce, which were not executed on any registered exchange, and have thereby violated Section 2(e) of the Act, 7 U.S.C. § 2(e) (2012).

4. As alleged in Count Two of the Complaint, the Court finds that the Plaintiff has made a showing of a reasonable likelihood of success on the merits that the Defendants, by offering to enter into, entering into, confirming the execution of , maintaining a position in, or otherwise conducting activity related to commodity options, other than on a registered exchange, have violated Section 4c(b) of the Act, 7 U.S.C. § 6c(b) (2012), and Regulation 32.2, 17 C.F.R. § 32.2 (2017).

5. As alleged in Count Three of the Complaint, the Court finds that the Plaintiff has made a showing of a reasonable likelihood of success on the merits that Analytics and its controlling person, Kantor, and G. Thomas accepted money to margin, guarantee, or secure trades or contracts resulting from commodity options or swaps transactions using the instrumentalities of interstate commerce, and, further, that neither Analytics nor G. Thomas has ever been registered with the Commission as an FCM, thereby violating Section 4d(a)(1) of the Act, 7 U.S.C. § 6d(1) (2012).

6. As alleged in Count Four of the Complaint, the Court finds that the Plaintiff has made a showing of a reasonable likelihood of success on the merits that, in or in connection with an offer to enter into, the entry into, or the confirmation of the execution of, any commodity option transaction, using the instrumentalities of interstate commerce, directly and indirectly, the

Defendants: (a) cheated or defrauded, and attempted or cheat and defraud, customers and prospective customers; (b) made or caused to be made to customers and prospective customers false reports or statements; and (c) deceived or attempted to deceive customers and prospective customers, in violation of Section 4c(b) of the Act and Regulation 32.4, 17 C.F.R. § 32.4 (2017).

7. As alleged in Count Five of the Complaint, the Court finds that the Plaintiff has made a showing of a reasonable likelihood of success on the merits that the Defendants intentionally or recklessly, using the instrumentalities of interstate commerce, directly and indirectly, in connection with swaps: (a) used or employed, or attempted to use or employ, manipulative devices, schemes, and artifices to defraud; (b) made, or attempted to make, untrue or misleading statements of material facts; (c) omitted to state material facts necessary in order to make statements made not untrue or misleading; and (d) engaged, or attempted to engage, in acts, practices, and courses of business, which operated or would operate as a fraud or deceit upon customers or prospective customers, in violation of Section 6(c)(1) of the Act, 7 U.S.C. § 9(1) (2012), and Regulation 180.1(a), 17 C.F.R. § 180.1(a) (2017).

## ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF

**IT IS THEREFORE ORDERED THAT:**

8. Defendants, and Relief Defendant, any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of Defendants or Relief Defendant and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with Defendants or Relief Defendant, are restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

    a.    in connection with a swap transaction, entering into illegal, off-exchange retail swap transactions in violation of Section 2(e) of the Act, 7 U.S.C. § 2(e) (2012);

    b.    in connection with offering to enter into, entering into, confirming the execution of, maintaining a position in, or otherwise conducting activity related to commodity options, other than on a registered exchange, in violation of Section 4c(b) of the Act, 7 U.S.C. § 6c(b) (2012), and Regulation 32.2, 17 C.F.R. § 32.2 (2017);

    c.    failing to register as an FCM in violation of Section 4d(a)(1) of the Act, 7 U.S.C. § 6d(1) (2012);

    d.    in connection with an offer to enter into, the entry into, or the confirmation of the execution of, any commodity option transaction, using the instrumentalities of interstate commerce, directly or indirectly: (a) cheating or defrauding, and attempting to cheat and defraud, customers and prospective customers; (b) making or causing to be made to customers and prospective customers false reports or statements; and (c) deceiving or attempting to deceive customers and prospective customers, in violation of Section 4c(b) of the Act and Regulation 32.4, 17 C.F.R. § 32.4 (2017); and

    e.    in connection with swaps, using the instrumentalities of interstate commerce, directly or indirectly, to: (a) use or employ, or attempt to use or employ, manipulative devices, schemes, and artifices to defraud; (b) making, or attempting to make, untrue or misleading statements of material facts; (c) omitting to state material facts necessary in order to make statements made not untrue or misleading; and (d) engaging, or attempting to engage, in acts, practices, and courses of business, which operate or would operate as a fraud or deceit upon customers or prospective customers, in violation of Section 6(c)(1) of the Act, 7 U.S.C. § 9(1) (2012), and Regulation 180.1(a), 17 C.F.R. § 180.1(a)(2017).

9.    Defendants and Relief Defendant, and any other person insofar as he is or she is acting in the capacity of an officer, agent, servant, employee or attorney of Defendants and Relief Defendant and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with Defendants and Relief Defendant, is further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

a. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act, 7 U.S.C. § 1a (2012));

b. entering into any transactions involving "commodity interests" (as that term is defined in Regulation 1.3(yy), 17 C.F.R. § 1.3(yy) (2017)) for his personal account or for any account in which he has a direct or indirect interest;

c. (i) having any commodity interests traded on his behalf; (ii) controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests; or (iii) soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

d. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2017); and

e. acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2014)), agent or any other officer or employee of any person (as that term is defined in Section 1a(38) of the Act, 7 U.S.C. § 1a(38) (2012)) registered, exempted from registration or required to be registered with the Commission except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2017);

10. Until further order of this Court, Defendants and Relief Defendant and each firm, corporation, or other person or entity with notice that holds any accounts, funds, assets, or other property of Defendants and Relief Defendant is prohibited from directly or indirectly withdrawing, transferring, removing, dissipating, concealing, assigning, pledging, encumbering, disbursing, converting, selling, or otherwise disposing of, in any manner, any funds, assets, or other property of Defendants and Relief Defendant, wherever situated, including, but not limited to, all funds, personal property, money or securities held in safes, safety deposit boxes and all funds on deposit in any financial institution, bank or savings and loan account, including funds or property of customers, wherever located, whether held in the name of Defendants and Relief Defendant or otherwise, and the assets affected by this paragraph shall include both existing assets and income and assets acquired after the effective date of this Order.

11. Until further order of this Court, Defendants and Relief Defendant and all persons insofar as they are acting in the capacity of Defendants' and Relief Defendant's agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Defendants and Relief Defendant who receive actual notice of such order by personal service or otherwise, are prohibited from destroying, mutilating, concealing, altering, or disposing of, in any manner, any books, records, or other documents of Defendants and Relief Defendant, wherever located.

12. Defendants and Relief Defendant, and all persons insofar as they are acting in the capacity of Defendants' and Relief Defendant's agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Defendants and Relief Defendant who receive actual notice of this order by personal service or otherwise, are prohibited from refusing to permit authorized representatives of the CFTC to inspect and copy, when and as reasonably requested, any books, records, or other documents of Defendants and Relief Defendant, wherever located, and whether they are in the possession of Defendants and Relief Defendant, either on or off the premises where they may be situated.

13. The injunctive provisions of this Order shall be binding on Defendants and Relief Defendant, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of Defendants and Relief Defendant and upon any person who receives actual notice of this Order by personal service, facsimile or otherwise insofar as he or she is acting in active concert or participation with Defendants and Relief Defendant.

14. Within ten days after entry of this Order, Defendants shall do whatever is necessary to insure that all internet websites used by them to advertise, market, promote or offer for sale any transactions involving "commodity interests" (as that term is defined in Regulation

1.3(yy), 17 C.F.R. § 1.3(yy) (2017)) and related services be deleted and made inaccessible to the public, and that the registration for all domain names for such websites be withdrawn, including, but not limited to, any websites promoting binary options or virtual currency investments and the website identified as:  www.bluebitbanc.com.

15. It is further ordered that copies of this Order may be served by any means, including personal service, United Parcel Service, Federal Express, or other commercial overnight service, email, facsimile, Rule 5 of the Federal Rules of Civil Procedure, or Articles 2 through 10 of the Hague Convention, Service Abroad of Judicial and Extrajudicial Documents, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Defendants and Relief Defendant or that may be subject to any provision of the order of preliminary.  Joseph Patrick, Ray Lavko and Rick Torres, all employees of the CFTC, are hereby specially appointed to serve process, including this Order and all other papers in this cause.

16. This Order shall remain in effect until further order of the Court and the Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action.

IT IS SO ORDERED.

DATED:  May 2, 2018                              _____/s/_____
                                                 Honorable Sandra J. Feuerstein
                                                 United States District Court Judge