IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Commodity Futures Trading Commission,**<br><br>　　　　　**Plaintiff,**<br><br>　　　　　v.<br><br>**Blake Harrison Kantor aka Bill Gordon,**<br>**Nathan Mullins,**<br>**Blue Bit Banc,**<br>**Blue Bit Analytics, Ltd.,**<br>**G. Thomas Client Services, and**<br>**Mercury Cove, Inc.,**<br><br>　　　　　**Defendants,**<br><br>**and**<br><br>**Blue Wolf Sales Consultants,**<br><br>　　　　　**Relief Defendant.** | Civil Action No. CV 18 2247 SJF ARL |

**PLAINTIFF, COMMODITY FUTURES TRADING COMMISSION'S RESPONSE TO DEFENDANT BLAKE HARRISON KANTOR'S *PRO SE* MOTION TO STAY**

　　　　　Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission"), in response to *pro se* Defendant, Blake Harrison Kantor's application to stay this matter, states as follows:

**PROCEDURAL BACKGROUND**

　　　　　1.　　On April 16, 2018, the United States of America filed a criminal action against Mr. Kantor, containing three counts and alleging a conspiracy to commit wire fraud in connection with a binary options trading scheme, obstruction and the making of false statements, *USA v. Kantor*, No. 2:18-cr-00177-SJF-GRB.

1

2. On April 16, 2018, the CFTC filed a related action to the aforementioned criminal case by filing a civil complaint against Defendants, Blake Harrison Kantor aka Bill Gordon ("Kantor"), Nathan Mullins ("Mullins"), Blue Bit Banc ("Blue Bit"), Blue Bit Analytics, Ltd., ("Analytics"), G. Thomas Client Services ("G. Thomas"), Mercury Cove, Inc. ("Mercury Cove"), and against Relief Defendant Blue Wolf Sales Consultants ("Blue Wolf"). (Doc. #1). The CFTC's action seeks injunctive relief and civil monetary penalties for Defendants' violations of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1-26 (2012).

3. On April 17, 2018, this Court granted the CFTC's, motion for a temporary restraining order ("TRO") freezing Defendants' assets, preventing the destruction of books and records and granting the CFTC immediate access to such records. (Doc. #11) The Court also set the matter for hearing on the CFTC's Motion for a Preliminary Injunction ("PI") (Doc. # 6).

4. Counsel for the CFTC appeared at the PI hearing on April 26, 2018 and this Court granted the CFTC's PI motion. The PI Order was formally entered on the docket on May 2, 2018, and it continued the relief granted in the TRO and prohibited the Defendants from future violations of the Act. (Doc. # 24)

5. Subsequent to its appearance in Court on April 26, 2018, counsel for the CFTC received an email sent to it by *pro se* Defendant Kantor requesting a stay of these proceedings while his criminal case is pending. The CFTC immediately notified this Court of this communication. (Doc. #21)

**PLAINTIFF'S RESPONSE TO DEFENDANT KANTOR'S REQUEST FOR A STAY**

6. The Plaintiff, CFTC, does not, generally, oppose Kantor's Request for a Stay of this matter pending resolution of the aforementioned criminal case. However, the CFTC asks for limitations on the duration and scope of the stay, provided that:

(a)     The stay is in place only until Defendant Kantor enters a plea or there is a verdict at the trial of his criminal case, rather than simply "while the criminal matter is still pending."

(b)     Kantor will notify the Plaintiff within seven days after the entry of his plea or a trial verdict is obtained in this related criminal action.  Thirty days following receiving such notice from Kantor, Plaintiff will contact the Court to obtain a date for a status conference in order to schedule deadlines, including the completion of fact discovery and dispositive motion deadlines.

(c)     The CFTC shall be permitted to continue to receive and review documents obtained from third party subpoenas already issued, or that will be issued prior to the entry of this stay order, pursuant to this Court's Order granting expedited discovery (Doc. #10).  These subpoenas include requests to banks for the personal account records of the two individual defendants, namely Kantor and Mullins, which will be used to assist in locating assets and identify victims of the fraudulent scheme.

(d)     The CFTC shall be permitted to file a Motion seeking this Court's assistance through a Request for International Judicial Assistance to obtain records from the Bank of Nevis in Turks and Caicos for the Blue Bit Analytics, Ltd. account.  This bank account in Nevis is where the fraud victims in this case were told to remit their funds and the process of obtaining such records could be lengthy.

(e)     The CFTC shall be permitted to issue a survey to Blue Bit Banc investors to verify their investments with the Defendants.

(f)     The asset freeze shall stay in place pending a final resolution of this civil case to preserve assets for the payment of victim restitution.  However, the CFTC is mindful of the needs of the two individual Defendants for payment of their living expenses and will negotiate

with each of them to modify the freeze. The CFTC shall be permitted to submit a proposed modified freeze order to the Court or to file a motion with the Court to resolve any issues related to a modification of the asset freeze.

    (g)    The stay does not prevent the Commission from using third-party discovery to determine whether Defendants are violating any of the terms of the PI Order or to determine the extent of such violations.

    (h)    If the Commission discovers that any of the Defendants is/are violating any of the terms of the PI Order, the stay does not prevent the Commission from seeking appropriate sanctions for any such violations.

    (i)    The stay does not prevent the parties from filing papers that attempt to settle all or a portion of this action.

    (j)    The entry of the Stay of Proceedings does not preclude the entry of a default against those parties not appearing and joining in Kantor's motion.

7.    The parties shall appear at the previously ordered Status Conference on 5/14/2018 at 11:15 AM in Courtroom 1010 at the Central Islip Courthouse.

8.    During the stay, the PI Order remains in full force and effect until further order of the Court.

9.    A proposed Order Staying Proceedings, consistent with paragraphs 6-8 above, is contemporaneously submitted to Chambers.

> By: /s/ *Susan B. Padove*
> Senior Trial Attorney
> Attorney for Plaintiff CFTC
> Commodity Futures Trading Commission
> 525 West Monroe Street, Suite 1100
> Chicago, Illinois 60661
> (312) 596-0544
> spadove@cftc.gov

LOCAL COUNSEL:

Diane C. Leonardo-Beckmann
United States Attorney's Office
610 Federal Plaza
Central Islip, NY 11722
631-715-7854
FAX:  631-715-7920
Email:  diane.beckmann@usdoj.gov
ATTORNEY TO BE NOTICED


James Halleron Knapp
United States Attorney's Office
610 Federal Plaza
Central Islip, NY 11722
631-715-7879
FAX:  631-715-7920
Email:  james.knapp@usdoj.gov
ATTORNEY TO BE NOTICED